IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**UNITED STATES OF AMERICA**     *

                                 *

**v.**                           **CRIMINAL NO.  PX-18-093**

                                 *

**MILES BWANO CHAMBLISS**

                                 *

   **Defendant.**

******

**MEMORANDUM ORDER**

Pending before the Court is defendant Miles Bwano Chambliss' motion for compassionate release.  ECF No. 267; *see also* ECF Nos. 236, 266.[1]  Chambliss asks this Court to reduce his 60-month prison in light of the COVID-19 pandemic and his current health conditions.  *Id.*  For the reasons set forth below, the Motion will be DENIED.

18 U.S.C. § 3582(c)(1)(A) permits a district court to modify a defendant's sentence for "extraordinary and compelling reasons" and taking into account "the factors set forth in section 3553(a) to the extent that they are applicable."  Before a defendant may so move, he must first exhaust all administrative rights "to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

The Government urges that this Court deny the motion because Chambliss has not demonstrated exhaustion.  ECF No. 269 at 3.  The Court must agree with the Government in that it has not been provided any proof of exhaustion.  The motion is denied on this basis alone.  However, even if the Court were to reach the merits, the motion nonetheless must be denied.

---

[1] Because Chambliss filed his initial motion several months ago, the Court permitted the parties to supplement the filings.  ECF No. 276.  The Court received no supplemental information from Chambliss or the Government.

The First Step Act makes plan that the Bureau of Prisons "is no longer the exclusive arbiter of what constitutes other 'extraordinary and compelling reasons,'" and courts may now "independently determine what constitutes other 'extraordinary and compelling reasons' for compassionate release[.]" *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020). Pertinent to this motion, "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *Id. See also United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish extraordinary and compelling reasons by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released."). If Chambliss demonstrates such extraordinary and compelling reasons, he must also demonstrate that such release is consistent with the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A).

The parties do not dispute that Chambliss suffers from asthma and high blood pressure. ECF No. 102 at ¶ 54; ECF No. 236-2. These comorbidities place him at risk for experiencing a particularly severe case of COVID-19. *See People with Certain Medical Conditions, Ctrs. for Disease Control and Prevention*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed October 7, 2020). But even if his current health could meet the "extraordinary" circumstances prong of the analysis, the Court concludes that release is not warranted when considering the § 3553(a) factors.

Chambliss was involved in a substantial drug trafficking enterprise. ECF No. 103 at ¶¶ 5-9. For his part, Chambliss sold crack and powder cocaine and acted as a middleman to other

coconspirators; his participation spanned over a year. *Id.* Further, the Court found, and Chambliss did not dispute, that the quantity of drugs foreseeable to him based on his participation in the charged drug enterprise was at least 5,000 grams of cocaine and 400 grams of cocaine base. *Id.* ¶ 13. Accordingly, Chambliss faced a congressionally mandated minimum sentence of 60-months imprisonment and an advisory guideline range of 78 to 97 months. *Id.* ¶¶ 61-21.

At sentencing, Chambliss received a substantial variance which constituted sufficient but not greater than necessary to achieve all purposes of sentencing. More to the point, nothing in the present record convinces this Court that a lesser sentence would constitute just punishment, reflect the seriousness of the offense, afford sufficient deterrence, or promote respect for the law. This is so even considering Chambliss' admirable participation in various programs and strong work history while incarcerated. ECF No. 236-4. Although the Court certainly commends and encourages Chambliss to continue his progress while serving his sentence, the term of imprisonment will remain undisturbed.

The Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

Dated: June 2, 2021                                         /S/
                                              Paula Xinis
                                              United States District Judge